UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:17-CR-058 JD |
| | ) |
| JOSEPH MICHALSKI | ) |

## OPINION AND ORDER

Defendant Joseph Michalski is facing charges for unlawfully possessing an explosive device and a stolen firearm. Mr. Michalski was arrested when officers discovered an explosive device in his home while executing a search warrant on February 1, 2017. Officers believed that Mr. Michalski also possessed a firearm in the home, but they did not find it during the search. The following day, an officer listened to a call that Mr. Michalski made from the jail to his mother, during which Mr. Michalski revealed the location of the firearm and said it was stolen. With that information, the officer applied for and received another search warrant and found the firearm, leading to the charge for possessing a stolen firearm.

Mr. Michalski now moves to suppress, arguing that his statement during the phone call was coerced. He alleges that the officer told his mother that if he produced the firearm to law enforcement so that they could perform a ballistics test, he would not be charged with possessing the explosive device and, as long as "there were not bodies on the gun," they would return the firearm and would not charge him with possessing it. He further alleges that the officer told his mother to get him "to give up the gun." When Mr. Michalski then called his mother from the jail in a recorded call, she related that alleged promise to him and encouraged him to turn the firearm over to the officer. In the course of the conversation, Mr. Michalski disclosed the location of the firearm to his mother and further admitted that it was stolen (though he also repeatedly expressed skepticism at the genuineness of the promise and never explicitly indicated an intent to accept

the deal). After listening to a recording of that conversation, the officer included Mr. Michalski's comments in a new search warrant application, and found the firearm in an ensuing search.

Mr. Michalski moves to suppress his statement, as well as the firearm that was found as a result of that statement. The motion appears to raise two theories. First, Mr. Michalski argues that his statement was coerced by the false promises of leniency, and that his resulting statement was involuntary under the totality of the circumstances. *See Arizona v. Fulminante*, 499 U.S. 279 (1991). Second, he requests a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), arguing that the officer improperly omitted the false promises of leniency from the affidavit he submitted in support of the search warrant, so the search was invalid for that reason.

In its response, the government argues only that a *Franks* hearing is not warranted, as the alleged omissions would not have changed the existence of probable cause. In that respect, the Court agrees. Under *Franks*, evidence will be suppressed if officers procure a warrant by intentionally or recklessly making false statements that are necessary to a finding of probable cause, or by intentionally or recklessly omitting such information. *Franks*, 438 U.S. at 171–72; *United States v. Robinson*, 546 F.3d 884, 887–88 (7th Cir. 2008). Suppression is not warranted, though, if the warrant affidavit would still support a finding of probable cause even if the false statements were corrected or the omitted information was included. *Franks*, 438 U.S. at 171–72; *Robinson*, 546 F.3d at 887–88.

Here, the alleged omissions would not undermine the existence of probable cause. During the phone call with his mother, Mr. Michalski specifically described the location of the firearm in his home, and he also stated that the firearm was stolen. The affidavit recounts those facts in support of a finding of probable cause. In requesting a *Franks* hearing, Mr. Michalski argues that the affidavit should have also stated that the officer made false promises of leniency, as noted

2

above. That additional information would only add to a finding of probable cause, though. The alleged promise was that Mr. Michalski would not face charges if he actually produced the firearm to the officers; giving them false information about the firearm's location would not have secured him any benefits. Thus, if Mr. Michalski was told and believed that he would receive immunity by leading officers to the firearm, that would only bolster the reliability of his statement and increase the likelihood that the firearm would be where he said. Including those facts in the affidavit would therefore not alter the existence of probable cause, so a *Franks* hearing is not warranted.

Mr. Michalski's request for a *Franks* hearing appears to proceed on the premise that if his statements during the call had been coerced, then they could not be used in support of probable cause. That is not a *Franks* issue, however, but rather an argument that the warrant was the fruit of the poisonous tree of an underlying constitutional violation. Thus, the critical question is whether, as Mr. Michalski argues in the rest of his motion, his statement was involuntary as a result of unlawful coercion, in violation of the Due Process Clause.[1] "A conviction obtained by the use of an involuntary confession violates due process," so an involuntary confession and its fruits are subject to suppression. *United States v. Stadfeld*, 689 F.3d 705, 709 (7th Cir. 2012). "A confession is involuntary if it is the result of coercive police conduct," and a false promise of

---

[1] Mr. Michalski does not raise any argument under *Miranda* or argue that his mother should have read him his rights prior to their conversation. The Court agrees that *Miranda* would not apply here. Though Mr. Michalski was in custody at the time, he was not subject to custodial interrogation. The statements in question came during a phone call he voluntarily placed to his mother—a situation that carries none of the coercive pressure of an interrogation in a "police-dominated atmosphere"—so *Miranda* warnings were not required. *See Illinois v. Perkins*, 496 U.S. 292 (1990) (holding that *Miranda* warnings were not required when a defendant was questioned by an undercover officer posing as a fellow inmate). That does not preclude a finding, though, that the statements were involuntary as a result of coercive police conduct. *See Fulminante*, 499 U.S. at 285–87 (holding that a defendant's confession was coerced by a fellow inmate acting as a government agent).

3

leniency has been recognized as an example of coercive police conduct. *Id.*; *United States v. Montgomery*, 555 F.3d 623, 629 (7th Cir. 2009). If coercive police conduct is present, then a court must determine whether, under the totality of the circumstances, the statement was voluntary. *Fulminante*, 499 U.S. at 285–86.

Here, Mr. Michalski alleges that the officer conveyed a false promise of leniency (albeit through his mother as an intermediary), and that his statement was involuntary under the totality of the circumstances given his age and mental health. However, the circumstances of the alleged promise are somewhat unclear and may be disputed, and there is little factual development in the record as to any other circumstances that may inform a determination as to voluntariness, so the Court cannot resolve those issues on the existing record. Accordingly, the Court will set this matter for an evidentiary hearing for the parties to submit any evidence on the question of whether Mr. Michalski's statement was involuntary as a result of coercive police conduct.

SO ORDERED.

ENTERED: December 11, 2017

                                                   /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court